FILED by MG D.C.
ELECTRONIC

Apr. 02, 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

LINDA URKOWITZ,
              Plaintiff,

vs.

TEE SHIRT CENTRAL, INC. a
Florida corporation and BARNETT
KOORSE, individually,
              Defendants.

09-60497 Civ-Cohn/Seltzer

CASE NO.

## COMPLAINT

Plaintiff, Linda Urkowitz, hereby files this Complaint against Defendants, Tee Shirt Central, Inc. and Barnett Koorse, an individual, and Plaintiff states as follows:

### I. INTRODUCTION

1. This is an action by Plaintiff, LINDA URKOWITZ, against her former employers for unpaid overtime wages, pursuant to the Fair Labor Standards Act, 29 U.S.C. Section 207, *et seq.*; and Plaintiff seeks damages and the payment of a reasonable attorney's fee.

### II. JURISDICTION

2. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Sections 206 and 207. This Court has jurisdiction over this claim, pursuant to 29 U.S.C. Section 216(a).

1

3. The claim arose in the Southern District of Florida, which is the district where venue is proper.

### III.
### PARTIES AND GENERAL ALLEGATIONS

4. Plaintiff, LINDA URKOWITZ (hereinafter, referred to as, "URKOWITZ"), is a resident of Ft. Lauderdale, Broward County, Florida, and at all material times herein, she was employed as a bookkeeper, by Tee Shirt Central, Inc.; and she was an employee, as defined by 29 U.S.C. Section 203 (e).

5. Defendant, Tee Shirt Central, Inc. ("TEE SHIRT") is a Florida corporation, doing business in Broward and Miami-Dade County, Florida; it is engaged in an enterprise affecting interstate commerce; and it is an employer, as defined by 29 U.S.C. Sections 203(d) and (s) (1), which has employees, subject to the provisions of the FLSA, 29 U.S.C. Sections 206 and 207, within the business facilities, where URKOWITZ was previously employed.

6. Defendant, BARNETT KOORSE (hereinafter, referred to as, "KOORSE"), who conducts business within the Southern District of Florida; was, or now is, an owner and or operator of Defendant, TEE SHIRT.

7. Defendant KOORSE has acted and acts directly in the interests of Defendant TEE SHIRT, in relation to its employees. Therefore, Defendant KOORSE, was, and is, an employer, within the meaning of Section 3(d) of the FLSA, 29 U.S.C. Section 203(d).

2

## COUNT I
## (VIOLATION OF THE FLSA AGAINST DEFENDANT SEA TOW)

8. Plaintiff, LINDA URKOWITZ, realleges, as if fully set forth herein, the allegations of Paragraphs 1—7 above.

9. Since on or about June 10, 2005, up to and including July 14, 2008, Defendant TEE SHIRT has willfully violated the provisions of Section 7 of the FLSA, 29 U.S.C. Section 207, by employing employees engaged in interstate commerce, including Plaintiff, for work weeks longer than forty (40) hours, without compensating them for their employment, in excess of forty hours at rates not less than one and one half times the regular rates at which they were employed; specifically, URKOWITZ, since June 10, 2005, and continuing to and including July 14, 2008, has worked in excess of forty (40) hours per week, every week of his employment, and she was not compensated for the work in excess of forty (40) hours, at a rate not less than one and one half times the regular rate at which she was employed.

10. The failure to pay overtime compensation to URKOWITZ is unlawful, because she was not exempted from the overtime provisions of the FLSA, pursuant to the provisions of 29 U.S.C. Section 213(a), in that she was not an administrative or executive employee; or if URKOWITZ was exempt, Defendant's actions and or its conduct, have effectively removed any exemption, which may have applied to Plaintiff.

3

11. TEE SHIRT'S actions were willful and purposeful, as it was well aware of the provisions of the FLSA and URKOWITZ'S status, as being a non-exempt employee, but chose not to compensate her, in accordance with the requirements of the FLSA.

12. URKOWITZ is entitled, pursuant to 29 U.S.C. Section 216(b), to recover from TEE SHIRT the following relief:

   (a) All unpaid overtime which is due and owed;

   (b) As liquidated damages, an amount equal to the unpaid overtime owed;

   (c) The costs of this action; and

   (d) A reasonable attorney's fee.

**WHEREFORE**, Plaintiff, LINDA URKOWITZ, prays that the Court will grant judgment against Defendant TEE SHIRT, including the following relief:

   (a) Awarding URKOWITZ payment of overtime compensation found by the Court to be due under the FLSA, including prejudgment interest;

   (b) Awarding URKOWITZ an additional equal amount as liquidated damages;

   (c) Awarding URKOWITZ her costs, including a reasonable attorney's fee; and

   (d) Granting such other and further relief as the Court deems to be just, fair and equitable.

4

## COUNT II
## (VIOLATION OF THE FLSA AGAINST DEFENDANT KOORSE)

13. Plaintiff, LINDA URKOWITZ, realleges, as if fully set forth herein, the allegations of Paragraphs 1—7 above.

14. Since on or about June 10, 2005, up to and including July 14, 2008, Defendant KOORSE has willfully violated the provisions of Section 7 of the FLSA, 29 U.S.C. Section 207, by employing employees engaged in interstate commerce, including Plaintiff, for work weeks longer than forty (40) hours, without compensating them for their employment, in excess of forty (40) hours at rates not less than one and one half times the regular rates at which they were employed; specifically, URKOWITZ, since June 10, 2005, and continuing to and including July 14, 2008, has worked in excess of forty (40) hours per week, every week of his employment, and he was not compensated for the work in excess of forty (40) hours, at a rate not less than one and one half times the regular rate at which she was employed.

15. The failure to pay overtime compensation to URKOWITZ is unlawful, because she was not exempted from the overtime provisions of the FLSA, pursuant to the provisions of 29 U.S.C. Section 213(a), in that she was not an administrative or executive employee; or if URKOWITZ was exempt, Defendant's actions and or conduct, have effectively removed any exemption, which may have applied to Plaintiff.

5

16. KOORSE'S actions were willful and purposeful, as she was well aware of the provisions of the FLSA and URKOWITZ'S status, as being a non-exempt employee, but chose not to compensate her in accordance with the requirements of the FLSA.

17. URKOWITZ is entitled, pursuant to 29 U.S.C. Section 216(b), to recover the following relief from KOORSE:

    (a) All unpaid overtime which is due and owed;

    (b) As liquidated damages, an amount equal to the unpaid overtime owed;

    (c) The costs of this action; and

    (d) A reasonable attorney's fee.

**WHEREFORE**, Plaintiff, LINDA URKOWITZ, prays that the Court will grant judgment against Defendant KOORSE:

   (e) Awarding URKOWITZ payment of overtime compensation found by the Court to be due under the FLSA, including prejudgment interest;

   (f) Awarding URKOWITZ an additional equal amount as liquidated damages;

   (g) Awarding URKOWITZ her costs, including a reasonable attorney's fee; and

   (h) Granting such other and further relief as the Court deems to be just, fair and equitable.

6

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury on all issues, so triable by right.

Respectfully submitted,

Mark J. Berkowitz, P.A.
Attorney for Plaintiff
1620 W. Oakland Park Blvd.
Suite 300
Ft. Lauderdale, Florida 33311
(954) 527-0570 Telephone
(954) 523-5893 Telecopier
E-mail: mjb2157@aol.com
Fla. Bar No. 369391

By: Mark J. Berkowitz

Dated on this 2nd day of April, 2009.

7

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS**
Linda Urkowitz

**DEFENDANTS**
Tee Shirt Central, Inc. and Barnett Koorse

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Mark J. Berkowitz, 1620 W. Oakland Park Blvd., Suite 300
Ft. Lauderdale, Florida 33311, (954) 527-0570

Attorneys (If Known)
0:09cv60497/JIC/BSS

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE  ☐ MONROE  ☑ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  |  | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  |  | ☐ 660 Occupational Safety/Health |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 810 Selective Service |
|  | / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☑ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability |  | ☐ 862 Black Lung (923) |  |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities – Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities – Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

**V. ORIGIN** (Place an "X" in One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).**
(See instructions second page):
a) Re-filed Case ☐ YES ☐ NO    b) Related Cases ☐ YES ☐ NO
JUDGE _____    DOCKET NUMBER _____

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause **(Do not cite jurisdictional statutes unless diversity):**
Plaintiff claims violations of 29 U.S.C. Section 207, the Fair Labor Standards Act.

LENGTH OF TRIAL via _2_ days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
**DEMAND $** _____
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
/s/ Mark J. Berkowitz
DATE 4/2/09

FOR OFFICE USE ONLY
AMOUNT 350.00    RECEIPT # 545901    IFP _____